```
                DISTRICT COURT OF THE VIRGIN ISLANDS
                  DIVISION OF ST. THOMAS AND ST. JOHN
```

| | |
|---|---|
| MAUREEN MELISSA BYAM,<br><br>      Plaintiffs,<br><br>      v.<br><br>MARK LEVY, PHILIP NEWCOMMER, MARGARET HUNSICKER, JOHN MURRAY III, WILLIAM MARUSZCZAK,<br><br>      Defendants. | Civil No. 16-78 |

**ATTORNEYS:**

**Maureen Melissa Byam**
Dix Hills, NY
    *Pro se*.

## ORDER

**GÓMEZ, J.**

Before the Court is the complaint of Maureen Melissa Byam.

### I. FACTUAL AND PROCEDURAL HISTORY

On September 16, 2016, Maureen Melissa Byam ("Byam") filed a "civil omnibus forfeiture complaint." ECF No. 1. In her complaint, Byam alleges that Mark Levy and other individuals engaged in certain illegal activities including: "Domestic Terrorism," "Treason and Subversive Activities," "Seditious Conspiracy," and fraud.

On January 25, 2018, Byam filed a motion for default judgment.

On March 2, 2018, the Court ordered Byam to file a brief "[b]y no later than 3:00 P.M. on March 12, 2018, . . . with appropriate citation to factual and legal authority, addressing whether this Court has personal jurisdiction over any of the defendants in this action." ECF No. 24. On March 12, 2018, Byam filed a document titled "Memorandum of Law in Action for Default Judgment in Favor of Plaintiff Class." ECF No. 25.

## II. DISCUSSION

"'The burden of demonstrating the facts that establish personal jurisdiction,' falls on the plaintiff." *Metcalfe v. Renaissance Marine, Inc.,* 566 F.3d 324, 330 (3d Cir.2009) (quoting *Pinker v. Roche Holdings, Ltd.,* 292 F.3d 361, 368 (3d Cir.2002)). Generally, a plaintiff must "prove, by a preponderance of the evidence, facts sufficient to establish personal jurisdiction." *Carteret Sav. Bank, FA v. Shushan*, 954 F.2d 141, 146 (3d Cir. 1992). "However, when the court does not hold an evidentiary hearing on the motion to dismiss, the plaintiff need only establish a prima facie case of personal jurisdiction and the plaintiff is entitled to have its allegations taken as true and all factual disputes drawn in its favor." *Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 97 (3d Cir. 2004). Nevertheless, even in the absence of an evidentiary hearing, "[if] the defendant contradicts the plaintiff's

allegations through opposing affidavits . . . , a plaintiff must present particular evidence in support of personal jurisdiction." *See Isaacs v. Arizona Bd. of Regents*, No. 14-3985, 2015 WL 1534362, at *3 (3d Cir. Apr. 7, 2015).

"Under Federal Rule of Civil Procedure 4(k), a District Court typically exercises personal jurisdiction according to the law of the state where it sits." *O'Connor,* 496 F.3d at 316; *see also* Fed.R.Civ.P. 4(k)(1)(A). To determine if personal jurisdiction is proper, the Court must assess: (1) whether jurisdiction is authorized by the state or territory's long-arm statute, and (2) whether the exercise of personal jurisdiction over the defendant would comport with due process under the United States Constitution, which requires that the defendants have certain minimum contacts with the forum. *Unlimited Holdings, Inc. v. Bertram Yacht, Inc.,* 48 V.I. 941, 944 (D.V.I.2007); *see also Fin. Trust Co. v. Citibank, N.A.,* 268 F.Supp.2d 561, 566 (D .V.I.2003) (citing *Int'l Shoe v. Washington,* 326 U.S. 310 (1945)).

**1. Virgin Islands Long Arm Statute**

The Virgin Islands long-arm statute provides that:

> (a) A court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a claim for relief arising from the person's
>
> > (1) transacting any business in this territory;

> (2) contracting to supply services or things in this territory;
>
> (3) causing tortious injury by an act or omission in this territory;
>
> (4) causing tortious injury in this territory by an act or omission outside this territory if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in this territory;
>
> (5) having an interest in, using, or possessing real property in this territory; or
>
> (6) contracting to insure any person, property, or risk located within this territory at the time of contracting.
>
> (7) causing a woman to conceive a child, or conceiving or giving birth to a child; or
>
> (8) abandoning a minor in this Territory.
>
> (b) When jurisdiction over a person is based solely upon this section, only a claim for relief arising from acts enumerated in this section may be asserted against him.

5 V.I.C. § 4903.

### 2. Due Process

The Due Process Clause recognizes two types of personal jurisdiction: general and specific. *See O'Connor,* 496 F.3d at 317 (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall,*

466 U.S. 408, 414–15 & n.9 (1984)). "A court may exercise general jurisdiction over a defendant where he or she has 'continuous and systematic' contacts with the forum, whether or not those contacts are related to the plaintiff's cause of action." *Metcalfe,* 566 F.3d at 334 (citing *Helicopteros Nacionales de Colombia,* 466 U.S. at 416; *BP Chems. Ltd. v. Formosa Chem. & Fibre Corp.,* 229 F.3d 254, 259 (3d Cir.2000)). "Specific jurisdiction exists if the defendant has '"purposefully directed" his activities at residents of the forum and the litigation results from alleged injuries that "arise out of or relate to" those activities.' " *Metcalfe,* 566 F.3d at 334 (quoting *Burger King Corp.,* 471 U.S. 462, 472 (1985) (quoting *Keeton v. Hustler Magazine, Inc.,* 465 U.S. 770, 774 (1984); *Helicopteros Nacionales de Colombia,* 466 U.S. at 414)). "'If the defendant "maintain[s] continuous and substantial forum affiliations," then general jurisdiction exists. If the defendant's contacts fall short of that standard, then at least one contact must give rise or relate to the plaintiff's claim.'" *Metcalfe,* 566 F.3d at 334 (quoting *O'Connor,* 496 F.3d at 321 (quoting *Dollar Sav. Bank v. First Sec. Bank of Utah,* 746 F.2d 208, 212 (3d Cir.1984)) (citing *Grimes v. Vitalink Commc'ns Corp.,* 17 F.3d 1553, 1559 (3d Cir.1994)) (alteration in original)).

### III. ANALYSIS

Byam has filed a motion for default judgment in this action. "[W]hen a court is considering whether to enter a default judgment, it may dismiss an action *sua sponte* for lack of personal jurisdiction," *Mark IV Transportation & Logistics v. Lightning Logistics, Inc.*, 705 F. App'x 103, 108 (3d Cir. 2017), where, as here, the plaintiff is provided an opportunity to establish that the Court has personal jurisdiction over the defendants, *see In re Tuli*, 172 F.3d 707, 713 (9th Cir. 1999).

The Court has reviewed the complaint in this matter. It appears that Byam's claims are based on actions taken by federal and state courts in Pennsylvania. Her allegations do not demonstrate that any of the defendants "transact[ed] any business in this territory"; "contract[ed] to supply services or things in this territory"; "caus[ed] tortious injury by an act or omission in this territory"; "caus[ed] tortious injury in this territory"; "hav[e] an interest in, us[ed], or possess[ed] real property in this territory"; "contract[ed] to insure any person, property, or risk located within this territory at the time of contracting"; "caus[ed] a woman to conceive a child, or conceiv[ed] or g[ave] birth to a child"; or "abandon[ed] a minor in this Territory." *See* 5 V.I.C. § 4903(a). As such, her allegations do not provide a basis for this Court to exercise

jurisdiction over this matter pursuant to the Virgin Islands long-arm statute. *See id.*

Furthermore, in her memorandum of law, Byam does not direct the Court to any evidence linking the defendants to the Virgin Islands.[1] Instead, she directs the Court to Bankruptcy Rule 7004, which permits nationwide service of process. *See* Fed. R. Bankr. P. 7004(d). Significantly, the case before the Court is not a bankruptcy case. As such, Bankruptcy Rule 7004 is inapplicable. *See* Fed. R. Bankr. P. 1001 ("The Bankruptcy Rules and Forms govern procedure in cases under title 11 of the United States Code.").

Having considered the arguments raised by Byam, the Court finds that there is no basis for the Court to exercise personal jurisdiction over the defendants in this matter. Accordingly, the Court will deny the motion for default judgment and dismiss this case. *See Mark IV Transportation & Logistics*, 705 F. App'x at 108.

---

[1] Byam does direct the Court to the entire docket of *Byam v. Giroux, et. al.*, 2:11-cv-03634-LS (E.D.Pa.). In that action, she filed a petition for habeas corpus and asserted claims which appear similar to the claims asserted in this action. Significantly, Byam does not indicate: (1) what facts may be found in the docket that would establish that this Court may exercise personal jurisdiction over the defendants; or (2) where in the docket those facts could be found. It is not the responsibility of the Court to sift through that docket in search of potential support for Byam's arguments. *Cf. Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 916 (5th Cir. 1992), *opinion corrected* (Mar. 26, 1992) ("Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment . . . .").

The premises considered; it is hereby

**ORDERED** the Byam's motion for default judgment is **DENIED**; it is further

**ORDERED** that this case is **DISMISSED**; and it is further

**ORDERED** that the Clerk of Court shall **CLOSE** this case.

    S\_____
    **CURTIS V. GÓMEZ**
    **District Judge**